Good morning. My name is Craig Wilkie. I represent Petitioner Allen Johnson. This case rises and falls on whether Mr. Johnson is actually innocent of honest services wire fraud. I'm sorry, I didn't hear you. This case rises and falls on whether Mr. Johnson is actually innocent of honest services wire fraud. So why isn't this a kickback scheme? It's not a kickback scheme because he was never charged with and never admitted to accepting a bribe or a kickback. As charged, he was the person owing the duty of honest services to the lenders. A kickback scheme as defined in Skilling requires that the person owing the duty of honest services receive or at least solicit the bribe or the kickback. That is how Skilling chose to define the core of honest services wire fraud, which it limited 1346 to. Can you tell me exactly, I think I know which sentence you're relying on in Skilling. Can you point it out to me? Yes. They define at 561 U.S. 404, honest services fraud as fraudulent schemes to deprive another of honest services through bribes or kickbacks supplied by a third party who is not deceived. That same section, they limit 1346 to what they define as this solid core of pre-McNally honest services fraud. And in addition, I would point the court out to, I have this site from the Supreme Court reporter, I'm sorry, it's 130 Supreme Court reporter at 2926, where they specifically distinguish money and property fraud by honest services fraud by noting that in honest services fraud, the betrayed party, that is the party who is owed the duty of honest services, suffers no deprivation of money or property. And instead the third party who has not been deceived provides the enrichment. I think this whole line, and every case that has followed it, every case cited by the government in their brief, we distinguish this in our reply brief, has been this scenario where the fiduciary, if you will, or the person owing the fiduciary type duty is the person receiving the bribe or the kickback. That is not what happened here. But why do you say that? He was getting $450 for each closing. He knew that he was kicking back half of that to Keltner. And he was keeping the other $250, $225, while knowing that he was giving a kickback for getting the $225. He was paying a finder. There was a kickback to the finder. He's getting paid for his services as the closing agent. But it's honest services because he knows that he's kicking back to Johnson. But the victim here, the banks, are receiving the services. They're receiving the closing agent's services. They are not, in order for him to be guilty of fraud. They're not receiving the services they bargained for. They were receiving, they bargained for a fiduciary who was serving them, not another master, and they were not receiving the services they bargained for.  And they did. And under preskilling law in this circuit and virtually nationwide, that was sufficient for honest services fraud. What skilling did, though, is in the face of the vagueness challenge brought by the defendant's skilling, they substantially narrowed the reach of the statute to require the receiver acceptance of the bribe or the kickback. That becomes the crime by definition. And kept keeping $225 for doing a dishonest service? He still provided services as a closing agent. And there's no evidence in the record that he didn't. Let me ask you this. Your client pled guilty pursuant to a plea agreement, didn't he? That's correct. And as part of the agreement, the government agreed to drop some wire fraud charges. No, that's not correct. Was he charged with wire fraud, too? No, you're talking about money or property fraud. The question is whether he was charged. You're talking about he pled guilty to what counts, six counts of honest services fraud. And counts 8 through 14 were dropped. Counts 8 through 14 only charged Mr. Kettner. And the indictment makes clear that Mr. Johnson is not charged with knowingly participating in the scheme to deprive the lenders of money or property. You're saying he was not charged in counts 8 through 14? That's our position, that he wasn't. Okay. The magistrate judge finds, moreover, in counts 8 to 14, Johnson was charged with aiding and abetting wire fraud. The charges were dropped. Is that wrong? It is. We believe it is. Well, I mean, I'm going to look in the indictment. I mean, he's either charged or he's not charged. One would think that. But if the court looks at the actual charging language, his name doesn't appear. Where his name appears there is that in the sentence about the actual wiring, he is named as causing wires to be made for the purpose of executing the scheme. He is not charged, however, with knowingly participating in a scheme to defraud the ---- When you talk about the same document, I'm looking at page 19. There's a ---- it's titled Wirings, paragraph 35, on or about the date set forth below. Defendants Kettner and Johnson attempted to execute the following fraud. And then it's count 8, count 9, count 10. Is that the ---- that can only be the honest services fraud scheme to which he pled? No. These are counts 8 to 14, which are the wire fraud. Anyway, let me get to the point. That's the honest services wire fraud. There's a separate money of property fraud charged only against Kettner. And the issue was what the district court believed is that he had been charged in the money property wire fraud counts, and those had been dismissed. Well, if the magistrate judge is correct that your guy was charged in counts 8 through 14, his point was that you'd have to show that he was not only actually innocent of the charges he pled guilty to, but that he was actually innocent of the charges that were dropped. If dismissed counts are more serious, yes, that's what this Court has held. These were clearly not, even if they were. Why? Wire fraud and honest services fraud seem to be of the same parity, aren't they? Well, it's a question of whether equal seriousness is enough. The Supreme Court hasn't said it has. This Court hasn't said it has. No other court other than the Seventh Circuit has said it has. So that's issue number one. But here, the wire fraud counts are clearly less serious than all the counts he pled guilty to because he pled guilty to an additional money laundering count that carried a 10-year statutory maximum. The cumulative statutory maximum penalty for all the counts he pled guilty to was 40 years. The cumulative statutory maximum penalty for the money property fraud counts, which if you accept the district court's finding were dismissed, was 35 years. So by any measure of whether they're more serious or equally serious or less serious, those counts are less serious. So he doesn't have to establish his actual innocence of the charges that were dropped as part of the plea bargain? If they were dropped, which we dispute, he would not have to establish his actual innocence of that. That's why the case rises or falls. If you're wrong about that, would you agree that he didn't establish his actual innocence of those charges? No, I would not. We briefed that in the opening brief. We continue to stand by that position that he did not ñ he never admitted to knowingly participating in a scheme to defraud the lenders of money or property. One, the government hangs its whole argument on the fact that he at some point while this was going on learned that Kettner had not funded some of the loans and that Mr. Johnson continued to fund loans after that. That was ñ the caveat of that was only after Mr. Johnson promised him that he would work out the situation with the banks. It was never an admission that he knowingly participated in that scheme with the intent to defraud the lenders of money. In the plea colloquy, he talks about making the fatal mistake of not discontinuing his ñ Correct. ñ relationship with Kettner after learning that and says that that's illegal. That was illegal at the time. It was honest services fraud at the time. He had a fiduciary duty not to do that. But that wasn't an admission that it was my intent to steal money from the lenders. And that's the critical distinction. I see you're down to about a minute or so. Thank you, Mr. Corky. Thank you. Good morning. Good morning, Your Honors. I may have pleased the Court. Daniel Ahn for the United States. Defendant remains guilty of honest services fraud post-skilling. That conclusion, which this Court should accept, resolves the entirety of this appeal. What's the strongest language in skilling that defines kickback and bribe schemes the way you want us to define kickback and bribery schemes? Well, skilling did say over and over again that it drew the line at bribe and kickback schemes. Right. As plain as Pike Staff, that bribes and kickbacks constitute honest services fraud. Yes, Your Honor. It says it several times. But how does it define ñ is there any place where it defines what a bribe or a kickback scheme is? It does define a kickback, and it does so by reference to a regulation. And the definition of a kickback that it cited was, I believe, and I'm paraphrasing here, but compensation of any kind provided for the purpose of unlawfully obtaining or rewarding favorable treatment. And if this Court applies that definition, it's clear that here what defendant kicked back to his co-defendant, Kentner, was a kickback. And I want to take the Court back, though, to the language in skilling, which is that it drew the line at bribe and kickback schemes. And our submission, Your Honor, is that a scheme predicated on the payment of a kickback by the person who owes a fiduciary duty ñ a bribe in a kickback scheme. And it doesn't become less so simply because the person who owes the fiduciary duty and breaches it is the payor, as opposed to, say, a receiver or a solicitor. Has any circuit interpreted skilling the way opposing counsel wants us to interpret it? No, not that I'm aware of, Your Honor. And I would also note, Your Honor, that my friend on the other side put some emphasis on the pre-McNally cases. But this Court, sitting en banc in Milo Vanovic, held that the pre-McNally cases aren't dispositive in terms of what Section 1346 should mean going forward. In Milo Vanovic, for example, this Court observed that even though the pre-McNally cases or the bulk of them involved a fiduciary duty in a certain context or for a certain type of individual, this Court held that it wasn't going to limit fiduciary duties in that context, but that other individuals could have a fiduciary duty as well. The Court in Milo Vanovic simply said there was no good reason to limit a fiduciary duty to that context. In the same way, there is no good reason to limit honest services fraud, a bribe and a kickback scheme, the way that skilling put it, only to schemes that defendant now wants the scheme that fits a particular pattern where a receiver or a solicitor owes and thereby breaches a fiduciary duty. Now, the magistrate judge didn't agree with you on this, did he? Well, I think he did, Your Honor. He says little discussion is required to conclude that Johnson's honest services fraud were not based on bribery or kickbacks and cannot withstand skilling. Yes. I think that's common ground. Do you think that's agreeing with you? Well, yes, because he says we're not based on bribe or kickbacks. In other words, if it were based on self-dealing or a conflict of interest scheme. Maybe I misread it. Little discussion is required to conclude that Johnson's honest services fraud convictions were not based on bribery or kickbacks, cannot withstand skilling. Yes, Your Honor. So in other words, if it were the fact that defendants' honest services fraud. Didn't he find that these charges can't withstand skilling, but then he goes to the Boozley analysis. No. My understanding of the district court's opinion, Your Honor, is that he found that the indictment charged at a minimum an alternate bribe and kickback scheme. And then he said in the alternative, defendant can't show his actual innocence of counts eight through 14. That was the analytical approach that I saw the district court taking in his opinion. But if I could take the court back just to my main thesis here, which is that a scheme, a bribe and kickback scheme predicated on the payment of a kickback by the person who owes a fiduciary duty is a bribe and kickback scheme for purposes of skilling. I would also refer the court to the statutory language. And Judge Graber, in her opinion in Williams, it's a pre-skilling case. But she looked at the statutory scheme to see, well, does the limitation that defendant is proposing, I mean, is that warranted by reference to the statutory language? Excuse me. I want to get back to my point. I'm not sure we're communicating. Yes, Your Honor. The last section of the magistrate judge's order says, I read that by reference to the point that Your Honor read earlier, which is we are not based on bribes and kickbacks. That is undoubtedly true. But my understanding of the opinion, Your Honor, is that the court did find that there was at a minimum an alternate bribe and kickback scheme that was set forth in the indictment and to which defendant pleaded guilty. That's how I read that. So I think you're relying at ER-5. He has this other statement that's in counts 2 through 3, sorry, 2 through 7, the indictment alleges that Johnson paid a kickback to Kettner in the form of a share of his closing fee. In skilling, the Supreme Court describes this as, quote, the core criminal conduct of the pre-McNally case law. That's exactly right, Your Honor. It's confusing. One has to flip back and forth between the pages, I think. But I'm just to get your version, your interpretation clearly on the record. I think that's what you're referring to. I acknowledge that's exactly what I'm referring to, Your Honor. I acknowledge it's a little confusing how to read the opinion. What about the Boozley analysis? The Boozley analysis, Your Honor, so the court gets there only if it thinks that the honest services fraud convictions here are invalid. The Boozley analysis would go in a couple of steps. The first step would be that the court would have to find that defendant was charged in counts 8 through 14. My friend on the other side says, well, that's not true. He wasn't charged. But, Judge Silverman, you pointed out paragraph 35 of the indictment, which does have defendant's name along with Kettner's. And it does say that they both carried out a scheme to defraud. And it says the above described scheme to defraud. It points back to paragraph 30 in the indictment. This is all under counts 8 through 14, by the way, in the indictment. And paragraph 30 has the knowledge and intent elements that my friend says is missing in the indictment under counts 8 through 14. The analysis would be does the indictment in the indictment and liberally construed show that defendant was charged in counts 8 through 14. And if this court views the indictment in its entirety and construes it liberally, the court would find that he is so charged. If he's charged in counts 8 through 14, and we believe that he was, the second question would be does he have to show he is actually innocent of counts 8 through 14. Here again, the parties are in dispute. My friend says, well, no, he has to show only actual innocence of more serious charges. The government's position is, well, he has to show actual innocence of not only more serious charges, but as serious charges. I would refer this Court to Judge Posner's opinion in Lewis, where Judge Posner read Bowsley and said the logic of Bowsley is not limited to more serious charges. It extends to as serious charges. This Court, I submit, has not definitively resolved that issue. There is dicta in various opinions of this Court that simply quote the Bowsley more serious formulation. But there is no decision of this Court, I would submit, that has squarely held that as serious doesn't count, it's only more serious. If this Court agrees with the government that as serious charges count and that defendant must show that he's actually innocent of as serious charges, then there are two more issues potentially that the Court should address. A, the methodological approach that the Court should take. Should it accumulate and aggregate all the pleaded counts and all the dismissed counts? Or should it do a one-to-one comparison, look at only the invalid count and then look for any as serious or more serious count? My friend relies on a Fifth Circuit case that aggregates everything. I would note he didn't rely on that case below, nor in his blue brief. It's only in his reply brief. There's little to recommend it, and it's a solitary approach. As far as I can tell, no court other than the Fifth Circuit has relied on that approach. And in fact, I think that approach adds a level of arbitrariness to the analysis because how many counts to charge, what a prosecutor requires in a plea agreement, how many counts to dismiss, these are sort of decisions that vary by prosecutor, often left to a prosecutor's judgment and his view or her view of the facts of the case. And to have somebody's actual innocence turn on those kinds of decisions, I think adds a level of arbitrariness. So, Your Honor, we would submit a one-to-one count-to-count comparison is right. I think the Court agrees with that. It needs not decide what the measuring stick of seriousness is because whether it's the guidelines or the stat max, it's the same here. It's as serious. The honest services counts are as serious as the wire fraud counts. The last point, Your Honor, is that even if this Court doesn't want to go as far as saying or say that a payment – I see that my time is up. May I finish my sentence? You may finish your sentence. Thank you, Your Honor. Even if this Court wants – doesn't want to make a holding on the payment issue, the Court can still find that defendant received a kickback from Kettner – I'm sorry, that defendant received a bribe from Kettner in exchange for a kickback and thereby sold his fiduciary duty. With that, thank you, Your Honor. Thank you, Your Honor. Mr. Rookie? May I have one minute? Yes. Counsel says there's no reason to limit honest services fraud to what I'm asking the Court to limit to. Every court has done so. The government has no case – no case in the country where honest services fraud has been defined to include the payment of a bribe or kickback by the fiduciary. Second, the reason to limit it is because the statute is otherwise unconstitutionally vague. That's what the Supreme Court held in Skilling. Second point I would note, I would just draw the Court's attention. Judge Silverman, you pointed me out to paragraph 35. That is part of the money property fraud count. But if you look at paragraph 31, which is the actual charging language on that, it's at ER 25, it's clear that Mr. Johnson is not named as knowingly participating in a scheme to defraud the lenders of money or property. And finally, on this issue about how you measure equally serious, more serious, less serious charges, whatever approach the Court takes, I win. He pled guilty to money laundering. It had a 10-year stack max. He pled guilty to – if you combine all the stack maxes, it's 40 versus 35. And if you go by the sentencing guidelines, his sentencing guidelines were higher because of the money laundering count. It added a multiple count adjustment than would have otherwise not applied had he not pled to that. So under any measure, I win on that. He does not have to establish actual innocence of money or property fraud. Thank you. Roberts. Thank you, Mr. Rookie. Mr. Ong, thank you. The case just argued is submitted. Good morning, gentlemen.
judges: Silverman, Bea, Christen